## UNITED STATES DISTRICT COURT
## WESTERN DISTRICT OF TENNESSEE

ISHVARBHAI CHAUDHARI,

      Plaintiff,

                                CASE NO.:

vs.

SHIVSHAKTI OF MEMPHIS LLC, a
Tennessee Limited Liability Company,

      Defendants._____/

## COMPLAINT & DEMAND FOR JURY TRIAL

Plaintiff, ISHVARBHAI CHAUDHARI, ("Plaintiff"), hereby files this Verified Complaint against Defendant, SHIVSHAKTI OF MEMPHIS LLC, ("SOM"), a Tennessee Limited Liability Company, and states as follows:

### JURISDICTION

1. Jurisdiction in this Court is proper as the claims are brought pursuant to the Fair Labor Standards Act ("FLSA"), as amended 29 U.S.C. §201, et seq., to obtain a judgment against Defendant as to liability, recover unpaid back wages, an additional equal amount as liquidated damages, and reasonable attorneys' fees and costs.

2. The jurisdiction of the Court over this controversy is proper pursuant to 28 U.S.C. §1331, as Plaintiff's claims arise under 29 U.S.C. §216(b).

3. Venue in this Court is proper, as the acts and omissions alleged took place in this judicial district, and Defendant regularly conducts business in this judicial district.

### PARTIES

4. At all times material to this action, Plaintiff worked for Defendant in Tennessee, including in Memphis, Tennessee.

1

5. At all times material to this action, Defendant SOM was, and continues to be, engaged in business in Tennessee, regularly conducting business in Memphis, Tennessee.

6. At all times material to this action, Plaintiff was an "employee" of Defendant within the meaning of the FLSA.

7. At all times material to this action, Defendant was Plaintiff's "employer" within the meaning of the FLSA.

8. Defendant was, and continues to be, an "employer" within the meaning of the FLSA.

9. Defendant's owner(s) and managers were also employers under the FLSA, and Plaintiff intends to add these individuals to his Complaint. However, he requires discovery as to the proper names of these individuals in order to proceed against them. Plaintiff knows these individuals as Manish Patel, Harink Chaudhary, and Asita Patel.

10. At all times material to this action, SOM was, and continues to be an enterprise engaged in the "handling, selling, or otherwise working on goods and materials that have been moved in or produced for commerce by any person" within the meaning of the FLSA.

11. Based upon information and belief, the annual gross revenue of Defendant SOM was in excess of $500,000.00 per annum during each of the three years preceding the filing of this Complaint.

12. At all times material to this action, Defendant SOM had two (2) or more employees handling, selling, or otherwise working on goods or materials that had been moved in or produced for commerce, such as, computers, telephones, and materials used in hotel services.

13. At all times material hereto, the work performed by the Plaintiff was directly

essential to the business performed by Defendant.

## STATEMENT OF FACTS

14. Beginning in February 2019, and continuing through June 2020, Defendant employed Plaintiff as a non-exempt front desk employee, working at Defendant's hotel.

15. Plaintiff's job duties included check-in and check-out of guests and managing reservations, maintenance work, laundry, housekeeping as needed, as well as taking payment.

16. Plaintiff performed work for Defendant at three of its properties. Specifically, the Bellevue Inn from February 2019 to July 2019; Sun Inn from August 2019 to October 2019 and again from December 2019 to June 2020.

17. Plaintiff was required by Defendant to stay on the premises of the hotel at which he worked. Plaintiff had to sleep near the desk. At the Bellevue Inn, Plaintiff had to sleep on the floor or in a sleeping bag behind the desk, in order to attend to it. At the Sun Inn, Plaintiff had a small room with a mattress on the floor located immediately behind the desk, so that he could be attentive to the desk at all times.

18. Plaintiff worked for Defendant seven days per week in each of the hotels in which he worked.

19. Plaintiff generally worked 24-hour shifts, although, only at the Bellevue Inn, sometimes a manager would come in for approximately three hours, four or five days per week, so that Plaintiff could sleep during those times without interruption. During the rest of Plaintiff's employment, no one relieved him.

20. Because of Plaintiff's job duties, Plaintiff was not able to get five uninterrupted hours of sleep during his shifts of 24 hours.

21. Defendant did not track Plaintiff's hours, and did not pay him for time that he

was required to work when his rest was interrupted.

22. Because of the nature of the business at the hotels that Plaintiff serviced, guests checked in and out frequently, preventing Plaintiff from getting uninterrupted rest.

23. Plaintiff and Defendant did not have any agreement that sleep time would not be compensable.

24. Regardless, Plaintiff did not get uninterrupted rest that would be sufficient for Defendant to exclude any alleged sleep-time from his compensation.

25. For Plaintiff's 24-hour shifts, over the fourteen months he worked for Defendant, including overtime premiums, Plaintiff should have been paid over $73,000.00.

26. Even if Defendant were able to exclude 8 hours daily for "sleep" time, Plaintiff still should have been paid over $55,000.00. Plaintiff reiterates that he did not get 8 hours of sleep, or even five hours of sleep, in any shift that he worked.

27. Plaintiff was paid less than $25,000.00 for the entire period he worked for Defendant.

28. Even excluding the maximum lawful deduction of 8 hours of sleep time from Plaintiff's daily schedule, Plaintiff worked for Defendant in excess of forty (40) hours in each workweek of his employment. In making this allegation, Plaintiff reiterates that he did not get 8 hours of sleep, or even five hours of sleep, in any shift that he worked.

29. From the beginning of his employment through June 2020, Defendant failed to compensate Plaintiff at a rate of one and one-half times Plaintiff's regular rate for all hours worked in excess of forty (40) hours in a single workweek.

30. Plaintiff was paid only his regular rate, with no overtime premiums, for overtime hours.

31. Plaintiff should be compensated at the rate of one and one-half times his regular rate of pay for all hours worked in excess of forty (40) hours per workweek, as required by the FLSA.

32. In addition, from the beginning of his employment through June 2020, Defendant failed to pay Plaintiff at least the minimum wage for all of his hours worked.

33. Plaintiff should be compensated at the applicable minimum wage rate for all of his hours during his employment with Defendant.

34. Upon information and belief, the majority of Plaintiff's pay and time records are in the possession of Defendant.

35. Defendant has violated Title 29 U.S.C. § 207 and § 206 from at least February 2019 to June 2020, in that:

   a. Plaintiff worked in excess of forty (40) hours in one or more workweeks during his period of employment with Defendant;

   b. No payments or provisions for payment have been made by Defendant to properly compensate Plaintiff at the statutory rate of one and one-half times his regular rate of pay for all hours worked in excess of forty (40) hours per workweek;

   c. No payments or provisions for payment have been made by Defendant to properly compensate Plaintiff at the statutory minimum wage for all of his hours worked during his employment with Defendant; and

   d. Defendant has failed to maintain proper time records as mandated by the FLSA.

36. Upon information and belief, Defendant's failure and/or refusal to properly

compensate Plaintiff at the rates and amounts required by the FLSA was willful, as Defendant knew, or should have known with reasonable diligence, that payment of minimum wages and payment of overtime premiums for all hours over forty (40) worked in each workweek was required.

37. Defendant failed and/or refused to properly disclose or apprise Plaintiff of his rights under the FLSA.

## COUNT I
## RECOVERY OF OVERTIME COMPENSATION

38. Plaintiff re-alleges paragraphs 1 through 37 of the Complaint, as if fully set forth herein.

39. From the beginning of his employment through June 2020, Plaintiff worked in excess of forty (40) hours in one or more workweeks for which Plaintiff was not compensated at the statutory rate of one and one-half times Plaintiff's regular rate of pay.

40. Plaintiff was, and is, entitled to be paid at the statutory rate of one and one-half times his regular rate of pay for those hours worked in excess of forty (40) hours in a workweek.

41. Defendant failed to properly disclose or apprise Plaintiff of Plaintiff's rights under the FLSA.

42. Defendant's actions were willful and/or showed reckless disregard for the provisions of the FLSA, as evidenced by their failure to compensate Plaintiff at the statutory rate of one and one-half times his regular rate of pay for the hours worked in excess of forty (40) hours per workweek when they knew, or should have known, such was, and is, due.

43. Due to the intentional, willful, and unlawful acts of Defendant, Plaintiff suffered and continues to suffer damages and lost compensation for time worked over forty (40) hours

per workweek, plus liquidated damages.

44. Plaintiff is entitled to an award of reasonable attorneys' fees and costs pursuant to 29 U.S.C. §216(b).

WHEREFORE, Plaintiff requests a judgment entered in his favor and against Defendant for actual and liquidated damages, as well as, costs, expenses and attorneys' fees and such other relief deemed proper by this Court.

## COUNT II
## RECOVERY OF MINIMUM WAGE COMPENSATION

45. Plaintiff re-alleges paragraphs 1 through 37 of the Complaint as if fully set forth herein.

46. Plaintiff was entitled to be paid the applicable minimum wage for each hour Plaintiff worked during Plaintiff's employment with Defendant.

47. From the beginning of his employment through June 2020, Defendant failed to pay Plaintiff the applicable minimum wage for each hour Plaintiff worked for Defendant.

48. As a result of Defendant's actions in this regard, Plaintiff has not been paid the applicable minimum wage for all hours worked during one or more weeks of employment with Defendant.

49. Defendant had specific knowledge that it was paying sub-minimum wage to Plaintiff, but still failed to pay Plaintiff at least minimum wages.

50. Defendant's actions were willful and/or showed reckless disregard for the provisions of the FLSA, as evidenced by its failure to compensate Plaintiff at the lawful minimum wage when it knew, or should have known, such was, and is, due.

51. Upon information and belief, at all times material hereto, Defendant failed, and continues to fail, to maintain proper time and pay records as mandated by the FLSA.

52. Defendant failed to properly disclose or apprise Plaintiff of Plaintiff's rights under the FLSA.

53. Due to the intentional, willful, and unlawful acts of Defendant, Plaintiff suffered and continue to suffer damages and lost minimum wages for one or more weeks of work contrary to 29 U.S.C. §206.

54. As a direct and proximate result of Defendant's deliberate nonpayment of wages, Plaintiff has been damaged in the loss of minimum wage for one or more weeks of work with Defendant, plus liquidated damages.

55. Plaintiff is entitled to an award of reasonable attorney's fees and costs pursuant to 29 U.S.C. §216(b).

WHEREFORE, Plaintiff requests a judgment entered in his favor and against Defendant for actual and liquidated damages, as well as, costs, expenses and attorneys' fees and such other relief deemed proper by this Court.

### JURY DEMAND

Plaintiff demands trial by jury on all issues so triable as a matter of right.

Dated this 10th day of February, 2021.

Respectfully submitted,

Angeli Murthy, Esq.
MORGAN & MORGAN, P.A.
8151 Peters Rd, 4th Floor
Plantation, FL 33324
Tel: 954-318-0268
Fax: 954-327-3016
E-mail: Amurthy@forthepeople.com
*Counsel for Plaintiff*